## E. M. YERGER *v.* E. E. C. AIKEN.

ATTORNEY'S. *Agents. Employment. Acquiescence.* H. & S. were employed by a relation and general adviser of A. to attend to a suit for her, in conjunction with other attorneys whom she had employed. Her relation and general adviser had no authority to employ them. She was informed by the attorneys of her own selection of their employment, and they were told by her that she desired no other attorneys. This was not communicated to H. & S., who prosecuted the suit, in connection with the other attorneys, after a prolonged litigation, to a successful issue. A, it seems, knew of their attention to the case, but never repudiated them. *Held*, that they were entitled to recover from her their reasonable fees. Her silence amounted to an acquiescence in their employment, and a conclusive presumption that she had authorized them to act for her.

### FROM SHELBY.

Appeal from the Chancery Court. R. J. MORGAN, Chancellor.

HUMES & POSTON for complainant.

HAYNES, STOCKTON and HAYNES for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

This is an attachment bill, filed by Yerger and White, and Humes and Scott, to recover judgments against E. E. C. Aiken for services rendered by them as solicitors in the Chancery and Supreme Courts, in the case of Gillespie *v.* Wofford, determined in the Supreme Court in 1866, and to have their judgments

satisfied by the sale of the real estate recovered in the litigation referred to, and on which an attachment was levied.

No question is made as to the right of Yerger and White to recover, but the claim of Humes and Scott is resisted upon the ground that their services were rendered without having been employed in the case. It is conceded that they were not engaged to attend to the case of Mrs. Aiken in person, or directly, but the proof shows that they were employed by Col. L. C. Haynes, a relation of Mrs. Aiken and her legal adviser, but that he had no authority from her to employ them, nor did he notify her that he had so employed them. But it is in proof by White, who is conceded to have been one of her solicitors, that in 1860, which was soon after the suit was commenced, he informed her by letter that Humes and Scott were acting as solicitors in the case. She replied that she wanted no others than her original counsel, but gave White no instructions to notify Humes and Scott of her wishes; nor did White mention the matter to them, nor did she ever notify them. But they continued to prosecute the case diligently in the Chancery Court, where it was decided against Mrs. Aiken, and after an appeal in the Supreme Court, Humes and Scott being the sureties on the appeal bond. In the Supreme Court the case was gained for her, whereby Mrs. Aiken recovered a tract of land in Shelby county, her interest in which was valued at $6,666. Humes and Scott attended to the case until its termination in 1866, under the belief that they were

Yerger v. Aiken.

regularly employed, and without any notice from Mrs. Aiken that she did not desire their services.

Upon these facts Chancellor Morgan was of opinion that Humes and Scott were entitled to recover for their services, and decreed accordingly.

The proof shows that Mrs. Aiken was apprized of the fact that Humes and Scott were attending to her cases as her solicitors as early as 1860, soon after the suit was instituted. Although she expressed dissatisfaction as to the number of the lawyers, yet she remained silent, and took no step to communicate her dissattisfaction to them, but received the benefit of their services until 1866, when the cause was finally terminated and gained, without repudiating them as her solicitors.

Under such circumstances of silence and long acquiescence, after knowledge that a party is honestly acting as agent, when it was the duty of the principal to speak within a reasonable time after such knowledge, it is a sound principle that such conduct amounts to a conclusive presumption of the ratification of an unauthorized act: Story on Agency, sec. 255.

Upon this ground we are of opinion the Chancellor's decree was correct, and affirm it.

TURNEY, J., dissented as follows:

I do not concur. Mrs. Aiken employed the same channel for repudiation of the action of Humes and Scott through which she received information they were so acting. She might very reasonably suppose

that if her solicitor White would give her the infor-
mation, he would advise Humes and Scott of her dis-
approval.　It was more the duty of Humes and Scott
to know they were regularly employed than it was of
Mrs. A. to be looking after them.　They should have
fully satisfied themselves that Haynes was authorised
to employ.　Failing to do so they acted at their risk,
or on the liability of Haynes.　Mrs. Aiken was not
called on by the facts to repudiate farther than she
did.

I am of opinion the opinion of the court lays down
a rule of presumption entirely too strong for applica-
tion to absent litigants.